IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIS C. MCALLISTER,<br><br>  Plaintiff,<br><br>  vs.<br><br>HAWAIIANA MANAGEMENT CO., LTD., and AOAO ROYAL CAPITAL PLAZA<br><br>  Defendants. | CV. NO. 11-00056 DAE-KSC |

ORDER: (1) DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE; (2) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; (3) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS TO STRIKE; AND (4) VACATING THE HEARING

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the motion and the supporting and opposing memoranda, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint and **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Partial Summary Judgment ("Motion"). (Doc. # 25.) The Court also **DENIES WITHOUT PREJUDICE** Plaintiff's Motions to Strike: (1) the Declaration of Carlos D. Perez-Mesa (Doc. # 33); (2) the Declaration of Larry Blanko (Doc. # 32); (3) the Declaration of Howard Isono (Doc. # 31); and (4) Defendant's

Exhibits B and C (Doc. # 34) (collectively the "Motions to Strike"). The Hearing on the Motion, set for August 29, 2011, is hereby **VACATED**.

BACKGROUND

On January 24, 2011, Plaintiff Willis C. McAllister ("Plaintiff"), proceeding pro se, filed a Complaint against his former place of employment Hawaiiana Management Co, Ltd. and AOAO Royal Capitol Plaza (collectively "Defendants"). ("Compl." Doc. # 1.) With his Complaint, he filed a Motion for Leave to Proceed in Forma Pauperis ("IFP Motion") as well as a Request for Appointment of Counsel ("Appointment Motion"). (Docs. ## 3, 4.) Attached to Plaintiff's Appointment Motion are thirty-seven documents which generally appear to be documentation from a claim Plaintiff pursued before the Equal Employment Opportunity Commission ("EEOC"). (See Docs. ## 4-1–4-37.) On January 26, 2011, United States Magistrate Judge Kevin S.C. Chang denied both the Appointment Motion and the IFP Motion. (Doc. # 5.)

On March 31, 2011, Plaintiff filed a Motion to Dismiss his Common Law Tort Claims for Negligence. (See Doc. # 15.) The Court granted Plaintiff's request on May 13, 2011. (Doc. # 22.)

The remainder of Plaintiff's Complaint appears to allege violations of Title VII of the Civil Rights Act of 1964 as well as the tort of Intentional Infliction

of Emotional Distress.  (Compl. at 2, 4.)  The Civil Rights Claims seem to stem from the conduct of four of Plaintiff's managers or supervisors. (Id. at 3–4.) Plaintiff's factual theory underlying his Intentional Infliction of Emotional Distress claim is unclear from the face of the Complaint.  (Id. at 4.)

On July 15, 2011, Plaintiff filed the instant Motion for Partial Summary Judgment.  ("Mot.," Doc. # 25.)  On August 5, 2011, Defendants filed an Opposition.  ("Opp'n," Doc. # 27.)  On August 20, 2011, Plaintiff filed his Motions to Strike.  (See Docs. ## 31–34.)  On August 21, 2011, Plaintiff filed a Reply.  ("Reply," Doc. # 35.)

## STANDARD OF REVIEW

I. Motion for Summary Judgment

Rule 56 requires summary judgment to be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Porter v. Cal. Dep't of Corr., 419 F.3d 885, 891 (9th Cir. 2005); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  A main purpose of summary judgment is to dispose of factually unsupported claims and defenses.  Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986).

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial. See id. at 323. A moving party without the ultimate burden of persuasion at trial—usually, but not always, the defendant—has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000). The burden initially falls upon the moving party to identify for the court those "portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323).

Once the moving party has carried its burden under Rule 56, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial" and may not rely on the mere allegations in the pleadings. Porter, 419 F.3d at 891 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). In setting forth "specific facts," the nonmoving party may not meet its burden on a summary judgment motion by making general references to evidence without page or line numbers. S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 889 (9th Cir. 2003); Local Rule 56.1(f) ("When resolving motions for summary judgment, the court shall have no independent duty to search and consider any part

4

of the court record not otherwise referenced in the separate concise statements of the parties."). "[A]t least some 'significant probative evidence' " must be produced. T.W. Elec. Serv., 809 F.2d at 630 (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 290 (1968)). "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." Addisu, 198 F.3d at 1134. Further, the Ninth Circuit has "refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony." Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (citing Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir. 1996)). "Conclusory allegations unsupported by factual data cannot defeat summary judgment." Rivera v. Nat'l R.R. Passenger Corp., 331 F.3d 1074, 1078 (9th Cir. 2003).

When "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact." T.W. Elec. Serv., 809 F.2d at 631. In other words, evidence and inferences must be construed in the light most favorable to the nonmoving party. Porter, 419 F.3d at 891. The court does not make credibility determinations or weigh conflicting evidence at the summary judgment stage. Id.; see also Nelson

v. City of Davis, 571 F.3d 924 (9th Cir. 2009) ("[C]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.") (citations omitted).  However, inferences may be drawn from underlying facts not in dispute, as well as from disputed facts that the judge is required to resolve in favor of the nonmoving party.  T.W. Elec. Serv., 809 F.2d at 631.

II.     Federal Rules of Civil Procedure 8 and 12

The court may dismiss a complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) on its own motion.  See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under [Rule] 12(b)(6).  Such a dismissal may be made without notice where the claimant cannot possibly win relief."); Ricotta v. California, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim sua sponte for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases sua sponte pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged).  Additionally, a paid complaint that is "obviously frivolous" does not confer federal subject matter jurisdiction and may be dismissed sua sponte before service of process.  Franklin v.

Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); see also Fed. R. Civ. P. 12(h)(3); Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements."); Branson v. Nott, 62 F.3d 287, 291 (9th Cir. 1995) ("[D]ismissal of Branson's complaint was required because the district court lacked subject matter jurisdiction . . . .").

The court may also sua sponte dismiss a complaint for failure to comply with Federal Rule of Civil Procedure ("Rule") 8. Rule 8 mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed sua sponte for failure to satisfy Rule 8. Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969); Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (stating that a district court has the power to sua sponte dismiss a complaint for failure to comply with Rule 8 where the complaint is so confused, ambiguous, or unintelligible that its true substance is well disguised); see also McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . , prolix in evidentiary detail, yet

7

without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with [Rule 8] may be dismissed with prejudice[.]").

Put slightly differently, a district court may dismiss a complaint for failure to comply with Rule 8 where it fails to provide the defendants fair notice of the wrongs they have allegedly committed. See McHenry, 84 F.3d at 1178–80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); cf. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling"). Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citations and quotations omitted). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." McHenry, 84 F.3d at 1179.

8

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

## DISCUSSION

I.   Sua Sponte Dismissal of Plaintiff's Complaint

When a plaintiff appears pro se, the court has an obligation to construe the plaintiff's complaint liberally. See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) ("Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." (citation omitted)). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citation and quotation omitted), superceded by statute, Lopez v. Smith, 203 F.3d 1122, 1126–30 (determining that a district court retains its discretion to dismiss a pro se prisoner's in forma pauperis complaint with or without leave to amend under the Prisoner's Litigation Reform

9

Act)).  However, "[p]ro se litigants must follow the same rules of procedure that govern other litigants."  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

Here, Plaintiff's Complaint is simply incomplete.  Plaintiff claims that his "termination . . . was based, in whole or in part, upon his race, harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964."  (Compl. at 2.)  Plaintiff, however, provides no details surrounding the circumstances of his termination.  This stand alone statement is precisely the sort of "the-defendant-unlawfully-harmed-me accusation" which cannot satisfy Rule 8.  Iqbal, 129 S. Ct. at 1949.  Indeed, this assertion cannot be said to provide the defendants fair notice of the wrongs they have allegedly committed.  See McHenry, 84 F.3d at 1178–80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); Mendiondo, 521 F.3d at 1105 n.4; (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants").

After this bald assertion, Plaintiff goes on to list the following causes of action:

      1.) Non-Employee–3rd Party Harassment
      2.) Non-Employee–3rd Party Retaliation
      3.) Supervisor & Manager Disparate Treatment–Race
      4.) Supervisor & Manager Disparate Treatment–Discipline
      5.) Supervisor & Manager Harassment and Retaliation that results in tangible action/wrong termination of Plaintiff, by the same harassing Manager.
      6.) Hostile work environment.

(Compl. at 2.) Conspicuously absent from this list is any description of the conduct in which the managers or supervisors allegedly engaged which lead to these violations. There is no description of the "actions" which resulted in Plaintiff's harassment, discrimination, or retaliation. In other words, Plaintiff has not alleged any facts which support his claims that Defendants violated the Civil Rights Act as alleged. Ashcroft v. Iqbal, 129 S. Ct. at 1949 (finding a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do").

      Plaintiff's intentional infliction of emotional distress claim is similarly lacking. With respect to this Count, Plaintiff alleges as follows:

> In pleading my IIED claim, I allege that the Defendant[s] (through it's managers), have subjected Plaintiff to extreme emotional distress by conduct which was unreasonable, unwarranted and outrageous, and that these acts proximately have caused substantial loss, suffering, humiliation, emotional distress and other damages to plaintiff in the past and in the future and that I should also recover punitive damages, because (1) that the acts causing harm was intentional and/or reckless,

11

(2) the acts were outrageous, and (3) that the acts caused (4) extreme emotional distress to me.

(Compl. at 4.) Once more, exactly what the managers did is never made clear to the Court. Moreover, there is no explanation as to how any such acts were outrageous. Simply stated, Plaintiff has proffered nothing more than "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action." Iqbal, 129 S. Ct. at 1949. This is insufficient.

Plaintiff, perhaps recognizing the insufficiency of his claims, attempts to incorporate into his Complaint other documentation he has already submitted to this Court. Specifically, Plaintiff provides:

> Further, in the interest of judicial economy and the reduction in paper work act, Plaintiff . . . restates all of the pleadings, allegations, exhibits, correspondence, etc. submitted to and received from the EEOC . . . as if reproduced and/or fully re-written, incorporated and set forth at length herein . . . , including Plaintiff's pleadings and exhibits that were submitted as attachments to Plaintiff's pending motion to the Court for the "APPOINTMENT OF COUNSEL" to represent me in this highly meritorious action and Plaintiff's pending motion/application to the Court "TO PROCEED IN FORMA PAUPERIS" . . . .

(Compl at 4.) This does not suffice. Plaintiff claims to incorporate into his Complaint thirty-seven exhibits attached to his Appointment Motion which includes hundreds of pages of documentation. The documentation is in no way organized or arranged in a coherent manner. The first eighteen exhibits appear to

be excerpts of what is presumably Defendants' employment handbook, but is no where so labeled. (See Docs. ## 4-1–4-19.) The next four documents appear to be portions of Plaintiff's EEOC intake questionnaire. (See Docs. ## 4-25–4-28.) The remaining documents are loosely organized exhibits which Plaintiff either presented to the EEOC or the EEOC presented to the Plaintiff—it is not clear. (See Docs. ## 4-29–37.) Irrespective of the validity of Plaintiff's claims, it simply cannot be that these hundreds of pages of documentation suffice as a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nor do they coherently provide Defendants fair notice of the wrongs they have allegedly committed. See McHenry, 84 F.3d at 1178–80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); Mendiondo, 521 F.3d at 1105 n.4; (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants"). Neither Defendants nor the Court are required to leaf through this unorganized documentation and piece together the complained of conduct which allegedly establishes the underlying factual predicate for Plaintiff's claims. See McHenry, 84 F.3d at 1180 ("Something labeled a complaint but written . . . , prolix in evidentiary detail, yet without simplicity, conciseness and

13

clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.")  It is incumbent upon Plaintiff to make clear to Defendants and the Court specifically what conduct he believes entitles him to relief.

In sum, upon review of the record and for the reasons above, the Court sua sponte concludes that the Complaint fails to comply with Rule 8.  The Complaint is **DISMISSED WITHOUT PREJUDICE** with leave to amend no later than 30 days from the filing of this Order.  Plaintiff is advised that the amended complaint must clearly state how Defendants have injured him as required by Rule 8.  The amended complaint must also clearly articulate the claims alleged and the relief sought.

II.     Denial without Prejudice of Plaintiff's Motions

Because the Court has dismissed Plaintiff's Complaint without Prejudice, the Court also hereby **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Partial Summary Judgment as moot.  Plaintiff is invited to refile the Motion once he has filed a new Complaint.  Similarly, Plaintiff's Motions to Strike, in which Plaintiff attacks the validity of the declarations and exhibits Defendants proffered in support of their Opposition, are also **DENIED**

**WITHOUT PREJUDICE** in light of the Court's decision to deny Plaintiff's Motion for Partial Summary Judgment.

CONCLUSION

For the reasons stated above, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint and **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Partial Summary Judgment. (Doc. # 25.) The Court also **DENIES WITHOUT PREJUDICE** Plaintiff's Motions to Strike: (1) the Declaration of Carlos D. Perez-Mesa (Doc. # 33); (2) the Declaration of Larry Blanko (Doc. # 32); (3) the Declaration of Howard Isono (Doc. # 31); and (4) Defendant's Exhibits B and C (Doc. # 34). The Hearing on the Motion, set for August 29, 2011, is hereby **VACATED**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 24, 2011.



David Alan Ezra
United States District Judge

McAllister v. Hawaiiana Management Co, Ltd., et al., CV No. 11-00056 DAE-BMK; ORDER: (1) DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE; (2) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; (3) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS TO STRIKE; AND (4) VACATING THE HEARING

15