IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIS C. McALLISTER, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Civ. No. 11-00056 ACK-KSC |
| | ) |
| HAWAIIANA MANAGEMENT COMPANY, | ) |
| LTD.; AOAO ROYAL CAPITAL | ) |
| PLAZA, Association of | ) |
| Apartment Owners of Royal | ) |
| Capital Plaza, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## ORDER DENYING PLAINTIFF'S RULE 50(b) RECONSIDERATION MOTION FOR RJMOL OR IN THE ALTERNATIVE A REQUEST FOR A NEW TRIAL

### BACKGROUND

Plaintiff Willis C. McAllister ("McAllister" or "Plaintiff"), an African-American, proceeding pro se, filed suit against Hawaiiana Management Company, Ltd. ("HMC") and AOAO Royal Capital Plaza ("RCP") (collectively, "Defendants") alleging that Defendants unlawfully discriminated and retaliated against Plaintiff and created a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 on

the basis of race.  (<u>See generally</u> Third Amended Compl., Doc. 62.)

A more extensive explanation of this case's procedural and factual background can be found in the Court's prior orders (<u>See e.g.</u>, Doc. No. 117, 280); for the purposes of examining the current motion, the relevant procedural and background facts are as follows.  On January 24, 2011, Plaintiff filed suit against Defendants in the United States District Court for the District of Hawaii.  (Doc. No. 1.)  The case was originally assigned to Senior District Judge David Alan Ezra.  Plaintiff subsequently filed an Amended Complaint on February 14, 2011.  (Doc. No. 9.)

On August 24, 2011, Judge Ezra, among other things, <u>sua sponte</u> dismissed the Plaintiff's Complaint without prejudice for failure to comply with Federal Rule of Civil Procedure 8.  On September 23, 2011, Plaintiff filed a Second Amended Complaint against Defendants.  (Doc. No. 38, the "SAC.")  Defendant RCP subsequently filed a motion to dismiss based upon statute of limitations grounds (Doc. No. 45), and Defendants jointly filed a motion to dismiss based upon failure to comply with Federal Rules of Civil Procedure 8 and 12(b)(6).  (Doc. Nos. 39, 42.)

On January 30, 2012, Judge Ezra granted Defendant RCP's motion to dismiss as to Plaintiff's Title VII claims based upon a finding that Plaintiff's Title VII claims against RCP did not relate back to the original Complaint and that the claims were

-2-

therefore time-barred.  (Doc. No. 61 at 15-16, hereinafter
"January 30, 2012 Order.")  The Court also granted in part and
denied in part Defendants' motion to dismiss.  Id. at 16-28.  The
Court granted the motion to dismiss as to Plaintiff's claims for
hostile work environment and intentional infliction of emotional
distress ("IIED"), with leave to amend; however the Court
concluded that Plaintiff had alleged claims for disparate
treatment and retaliation.  Id.

On February 27, 2012, Plaintiff filed his Third Amended
Complaint against Defendants (Doc. No. 62, hereinafter "TAC").
Plaintiff asserted the following five causes of action in the
TAC: (1) Hostile Work Environment - Retaliation (Continuing
Violation); (2) Hostile Work Environment - Disparate Treatment-
Race (Continuing Violation); (3) Harassment Based on
Race/Tangible Action (Vicarious Liability); (4) Hostile Work
Environment – Harassment-Race (Continuing Violation); and (5)
Intentional Infliction of Emotional Distress - Race (IIED).  (TAC
¶¶ 5.1-5.5.)  On March 13, 2012, Defendants filed a Motion to
Dismiss the TAC with Prejudice, asserting that Plaintiff failed
to correct the SAC's deficiencies.  (Doc. No. 72.)  On March 15,
2012, Defendant RCP filed a Motion to Dismiss Plaintiff's Claims
Against Them With Prejudice.  (Doc. No. 77.)

On May 31, 2012, the Court issued an Order (1) Granting
in Part and Denying in Part Defendants' Motion to Dismiss, and

-3-

(2) Granting RCP's Motion to Dismiss.  (Doc. No. 117.)  With respect to Defendants' joint Motion to Dismiss, the Court denied the motion as to Plaintiff's claim for Hostile Work Environment; however it granted the motion as to Plaintiff's IIED claim.  <u>Id.</u> at 13, 14.  The Court granted RCP's Motion to Dismiss based on a finding that Plaintiff's Title VII claims against RCP were time-barred because Plaintiff failed to name RCP as a defendant until after the statutory period had passed.  <u>Id.</u> at 19.

On June 15, 2012, Plaintiff filed a motion for reconsideration of the Court's May 31, 2012 order that dismissed Plaintiff's Title VII claims against RCP.  (Doc. No. 120.)  On July 31, 2012, the Court issued an Order Granting Plaintiff's Motion for Reconsideration, and accordingly denied RCP's Motion to Dismiss filed on March 15, 2012.  (Doc. No. 138 at 10.)

On August 3, 2012, this case was reassigned from Senior District Judge David Alan Ezra to this Court for all further proceedings.  (Doc. No. 140.)

On September 4, 2012, Plaintiff filed two motions in limine (Doc. Nos. 168, 169), and Defendants filed ten motions in limine (Doc. Nos. 151, 155-163).  On September 11, 2012, Plaintiff filed oppositions to all ten of the Defendants' motions in limine (Doc. No. 193), and Defendants filed oppositions to both of Plaintiff's motions (Doc. Nos. 185, 186).  The Court heard argument on the motions in limine at the final pretrial

-4-

conference on October 11, 2012.  (Doc. No. 206.)  On October 22, 2012, the Court issued an Order Granting in Part and Denying in Part Defendants' Motions in Limine, and Granting Plaintiff's Motions in Limine.  (Doc. No. 229.)

On October 16, 2012, jury trial commenced on Plaintiff's claims, all brought pursuant to Title VII and 42 U.S.C. § 1981: Disparate Treatment; Hostile Work Environment/Harassment; and Retaliation.  (See RCP Special Verdict Form at 3, 4, 6.)  In the middle of trial, Plaintiff filed a motion for sanctions and default judgment against Defendants regarding Plaintiff's "Vicarious Liability" and "Continuing Violation" claims, which the Court subsequently denied.  (Doc. No. 227.)  On October 31, 2012, after Plaintiff and Defendants had rested, Defendants filed a Motion for Judgment as a Matter of Law or in the Alternative, Judgment Notwithstanding the Verdict. (Doc. No. 258.)  On November 1, 2012, Plaintiff filed an opposition to Defendants' motion (Doc. No. 263), as well as his own Motion for Judgment as a Matter of Law or in the Alternative Judgment Notwithstanding the Verdict on his Vicarious Liability Claim.  (Doc. No. 262.)  The Court took both motions under submission for decision at a later date.

On November 5, 2012, after a 12-day jury trial, the jury returned a verdict for Defendants on all claims.  (Doc. No. 265 & 266.)

-5-

The jury determined the liability of each Defendant separately.  First, the jury considered Plaintiff's claims against Defendant RCP.  See Defendant RCP's Special Verdict Form (Doc. No. 266).  As to Plaintiff's claims for Disparate Treatment, the jury found that Plaintiff had not proved by a preponderance of the evidence that Defendant RCP gave more favorable treatment to similarly situated individuals outside Plaintiff's protected class.  Id. at 3 (Doc. No. 266).  As to Plaintiff's claims for Hostile Work Environment - Harassment, the jury found that Plaintiff had not proved by a preponderance of the evidence that he was subjected to verbal or physical conduct of a racial nature by a supervisor, co-employee, or third party. Id. at 4.  Finally, as to Plaintiff's claims for Retaliation, the jury found that Plaintiff had not proved by a preponderance of the evidence that he was subjected to an adverse employment action because of his complaints that he was harassed, discriminated against, or received disparate treatment on account of his race.  Id. at 7.

Next, the jury concluded that Defendant HMC was not a "joint employer" with Defendant RCP, thereby finding in favor of Defendant HMC on all counts.  See HMC Special Verdict Form, at 2 (Doc. No. 265).

On November 5, 2012, the jury's verdict in favor of Defendants on all counts was read and filed in open Court. (See Doc. No. 264.)  The jury was polled.  Following the jury's

verdict, on November 5, 2012, the Court asked Plaintiff if he had any further comments or argument with respect to his motion, at which time Plaintiff stated that he did not have anything further to add, other than ensuring that the Court noted his motion for appeal purposes. In light of Plaintiff's pro se status, on November 9, 2012, the Court issued a Minute Order informing Plaintiff that if he did not renew his motion pursuant to Federal Rule of Civil Procedure 50(b) within 28 days from the date upon which judgment was entered, Plaintiff would be precluded from challenging the sufficiency of the evidence on appeal.  (See Doc. No. 270.)[1/]

On November 14, 2012, the Clerk of Court entered a judgment in favor of Defendants on all counts.  (Doc. No. 273.)

On December 12, 2012, Plaintiff filed a timely Rule 50(b) Renewed Motion for Judgment as a Matter of Law or in the Alternative, Judgment Notwithstanding the Verdict or a Request for a New Trial.  (Doc. No. 274.)  Defendants filed an opposition on December 19, 2012, and Plaintiff timely filed a reply.  (Doc. Nos. 276 & 277.)  The Court considered the matter without a hearing as per Local Rule 7.2(e) and issued its "Order Denying as

---

[1/]  See Nitko Holding Corp. v. Boujikian, 491 F.3d 1086, 1089 (9th Cir. 2007) (holding that the plaintiff had waived its challenge to the sufficiency of evidence because it did not renew its pre-verdict Rule 50(a) motion by filing a post-verdict Rule 50(b) motion, and therefore the court of appeals was precluded from exercising its discretion to engage in even plain error review).

Moot Defendants' Motion for Judgment as a Matter of Law or in the Alternative, Judgment Notwithstanding the Verdict; and Denying Plaintiff's Renewed 50(b) Motion for Judgment as a Matter of Law or in the Alternative, Judgment Notwithstanding the Verdict or a Request for a New Trial" on January 11, 2013 ("January 11 RJMOL Order"). (Doc. No. 280.)

Plaintiff then filed a "Rule # 50(b) Reconsideration Motion for RJMOL or in the Alternative a Request for a New Trial" on January 25, 2013 ("Motion for Reconsideration" or "Plntf.'s Mtn."). (Doc. No. 281.) Defendants filed an opposition to Plaintiff's Motion for Reconsideration on February 1, 2013. (Doc. No. 282.) Plaintiff filed a reply on February 15, 2013 ("Plntf.'s Reply"). (Doc. No. 283.) As per Local Rule 7.2(e), the Court considered this Motion for Reconsideration without a hearing.

## STANDARD OF REVIEW

As an initial matter, the Court notes that Plaintiff's Motion is essentially a Local Rule 60.1 motion for reconsideration of this Court's January 11 RJMOL Order. Plaintiff's arguments for relief under Fed. R. Civ. P. 49(a) and 50(b) are moot. Rule 49(a) allows the court to require a jury to return a special verdict at a jury trial, and in this case the jury did in fact sign and return a special verdict form. (Doc. Nos. 265 & 266.) Rule 50(b) provides for a renewed motion for judgment as a matter of law ("RJMOL") that may include a request

-8-

for a new trial under Rule 59(a); Plaintiff already filed a RJMOL

and a request for a new trial under Rule 59(a) which this Court

denied in its January 11 RJMOL Order.  (Doc. No. 280.)

## A.  Motion for Reconsideration

Local Rule 60.1 provides, inter alia, that motions

seeking reconsideration of case-dispositive orders are governed

by FRCP 60.[2]  In this case, Plaintiff's Motion for

Reconsideration is governed specifically by FRCP 60(b),[3] which

allows a court to relieve a party from a final judgment, order,

or proceeding for any of the following reasons:  (1) mistake,

inadvertence, surprise, or excusable neglect, (2) newly

discovered evidence that, with reasonable diligence, could not

have been discovered in time to move for a new trial under Rule

59(b), (3) fraud, (4) the judgment is void, (5) the judgment has

been satisfied, released or discharged, among other things, (6)

any other reason that justifies relief.  For this case, the Court

_____

[2] Local Rule 60.1 also provides that a motion for
reconsideration may be governed by FRCP 59.  However, as noted
above, Plaintiff already filed a previous motion under FRCP 59(a)
which this Court denied in its January 11 RJMOL Order.  Plaintiff
cannot ask for an alteration or an amendment of the judgment
under FRCP 59(e) because such a motion must be filed "no later
than 28 days after the entry of the judgment."  In this case,
Plaintiff's Motion for Reconsideration was filed on January 25,
2013, which is more than 28 days after the Clerk's Judgment was
filed on November 14, 2012.  (Doc. No. 273.)  Accordingly, the
Court analyzes Plaintiff's Motion for Reconsideration under Rule
60.

[3] FRCP 60(a) provides that a court may correct clerical
mistakes, oversights, or omissions; Plaintiff does not allege
that the Court committed this type of mistake.

examines Plaintiff's arguments under FRCP 60(b)(1), which allows

a court to correct its own errors of law or other mistakes.

Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 350

(9th Cir. 1999), Fidelity Federal Bank FSB v. Durga Ma Corp., 387

F.3d 1021, 1024 (9th Cir. 2004).  Plaintiff does not present a

basis for reconsideration under FRCP 60(b)(2), (3), (4), (5), or

(6).[4/]

A motion for reconsideration must (1) "demonstrate

reasons why the court should reconsider its prior decision" and

(2) "must set forth facts or law of a strongly convincing nature

to induce the court to reverse its prior decision."  Hele Ku KB,

_____

[4/] Plaintiff does not present new evidence under FRCP
60(b)(2) or allege fraud under FRCP 60(b)(3).  See generally
Plntf.'s Mtn.  FRCP 60(b)(4) does not apply because relief under
this rule is granted only in "the rare instance where a judgment
is premised either on a certain type of jurisdictional error or
on a violation of due process."  United Student Aid Funds, Inc.
v. Espinosa, 559 U.S. 260, 130 S. Ct. 1367, 1377 (2010).  A
judgment is not considered "void" under FRCP 60(b)(4) "simply
because it is or may have been erroneous."  Id.  FRCP 60(b)(5)
also does not apply because Plaintiff does not argue that the
judgment has been satisfied, released, discharged, or otherwise
qualifies for relief under this Rule.  FRCP 60(b)(6) allows a
court to grant reconsideration for "any other reason that
justifies relief."  However, "the rule is to be utilized only
where extraordinary circumstances prevented a party from taking
timely action to prevent or correct an erroneous judgment."
Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997)
(abrogation on other grounds recognized by Jackson v. Roe, 425
F.3d 654, 658-61 (9th Cir. 2005)).  Furthermore, the
"extraordinary circumstances" identified by a party must be
circumstances beyond the party's control.  See U.S. v. Alpine
Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993).  In
this case, Plaintiff has not presented any circumstance beyond
his control that prevented him from taking timely action to
protect his rights.  In fact, Plaintiff could and did take timely
action by presenting his evidence at trial.

<u>LLC v. BAC Home Loans Servicing, LP</u>, 873 F. Supp. 2d 1268, 1289 (D. Haw. 2012).  The Ninth Circuit has held that reconsideration is appropriate if (1) the district court is presented with "newly discovered evidence," and (2) the district court "committed clear error or the initial decision was manifestly unjust," or (3) "if there is an intervening change in controlling law."  <u>Nunes v. Ashcroft</u>, 375 F.3d 805, 807 (9th Cir. 2004).

"A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks omitted).  "Whether or not to grant reconsideration is committed to the sound discretion of the court."  <u>Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation</u>, 331 F.3d 1041, 1046 (9th Cir. 2003).

**B. Special Considerations for Pro Se Litigants**

Pro se pleadings and briefs are to be construed liberally.  <u>Balisteri v. Pacifica Police Dep't.</u>, 901 F.2d 696 (9th Cir. 1990).  When a pro se plaintiff technically violates a rule, the court should act with leniency toward the pro se litigant.  <u>Motoyama v. Haw. Dep't of Transp.</u>, 864 F. Supp. 2d 965, 975 (D. Haw. 2012); <u>Draper v. Coombs</u>, 792 F.2d 915, 924 (9th Cir. 1986).  However, pro se litigants are "not excused from knowing the most basic pleading requirements."  <u>Am. Ass'n of</u>

Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107 (9th Cir. 2000).  Pro se litigants must follow the same rules of procedure that govern other litigants.  Motoyama, 864 F. Supp. 2d at 975.

**DISCUSSION**

**A.   Whether this Court Committed an Error by Holding that the Evidence Supported the Jury Verdict.**

Throughout his Motion for Reconsideration, Plaintiff alleges that the jury clearly erred when determining the facts in this case.  Specifically, Plaintiff argues that Ahles, Isono, and Blanko's testimony and the exhibits related to these employees should be disregarded because, in Plaintiff's view, these witnesses had been impeached.  See Plntf.'s Mtn. at 3, Plntf.'s Reply at 15.  Plaintiff also argues that the quantity of the evidence he presented merits a judgment in his favor.  See Plntf.'s Mtn. at 3, Plntf.'s Reply at 2.

Plaintiff's factual disputes were addressed in the January 11 RJMOL Order, which explains some of the relevant portions of Ahles, Isono, and Blanko's testimony and the exhibits supporting these witnesses.  See January 11 RJMOL Order at 22-27. When determining Plaintiff's previous motion for RJMOL, the Court was not required to re-weigh the evidence or make credibility determinations.  See Johnson v. Paradise Valley Unified School Dist., 251 F.3d 1222, 1227 (9th Cir. 2001) and Harvey v. Office

of Banks and Real Estate, 377 F.3d 698, 707 (7th Cir. 2004).  The jury certainly had the ability to decide whether or not Defendants' witnesses were credible; accordingly, this Court will not disturb the jury's findings merely because Plaintiff personally believes that Defendants' witnesses were impeached.

Regarding the January 11 RJMOL Order's denial of Plaintiff's motion for a new trial, the Court did not err by concluding that the jury's verdict was not against the "overwhelming weight of the evidence."  See Johnson, 251 F.3d at 1226.  See January 11 RJMOL Order at 30-31.  The jury's verdict for Defendants was sufficiently supported by the testimony of Ahles, Isono, Blanko and other witnesses in addition to the corroborating evidence found in the exhibits.[5]  See e.g., Plntf.'s Renewed Mtn. for JMOL at Ex. 3, Ex. 4, Ex. 5, Ex. 9, Ex. 12, Doc. No. 274.  The jury is not required to find in favor of a party merely because the party presented more pieces of evidence. The jury is free to weigh the evidence and to determine which pieces of evidence to believe or disregard when making a factual determination.  See Johnson, 251 F.3d at 1227.  Accordingly, Plaintiff's arguments regarding the quality and quantity of his evidence does not induce this Court to reconsider its January 11

---

[5] The Court also observed in its January 11 RJMOL Order that Plaintiff's behavior in the presence of the jury at trial included repeated outbursts and confrontational behavior toward witnesses and defense counsel.  January 11 RJMOL Order at 30 n.14.

RJMOL Order.

**B.   Whether the Court Should Grant Reconsideration as to Plaintiff's Retaliation Claim**

This Court concluded in its January 11 RJMOL Order that the jury's verdict in favor of Defendants with respect to the Retaliation claims was supported by substantial evidence.  See January 11, RJMOL Order at 30.  The jury's verdict was supported by witness testimony demonstrating the Plaintiff was terminated for legitimate reasons including insubordination, failure to use discretion, overly aggressive behavior, and acting in an unprofessional manner.  Id. at 29-30.  The Court also noted that evidence in the form of letters from various tenants corroborated the testimony provided by Defendants' witnesses.  Id.

Plaintiff alleges that this Court committed an error of law by failing to put the following language in the Special Verdict Form to define the elements of a Retaliation claim: "there was a causal link between the protected activity and the adverse employment action."  Plntf.'s Mtn. at 2, Plntf.'s Reply at 7.  Plaintiff acquired this particular statement from Judge Ezra's January 30, 2012 Order explaining the legal elements of Retaliation; Plaintiff argues that Judge Ezra's specific wording demonstrates that this Court's listing of the legal elements for Retaliation in the Special Verdict Form is erroneous.  However, the Court did in fact include the "causal link" requirement in the Special Verdict Form as illustrated by Question No. 3:  "Has

-14-

Plaintiff shown by a preponderance of the evidence that he was subjected to the adverse employment action(s) *because of* his complaints about being harassed or discriminated against on account of his race and receiving disparate treatment because of his race?"  RCP Special Verdict Form at 7, Doc. No. 266.[6]  This language in the Special Verdict Form shows that the jury was required to consider if there was a causal link for Plaintiff's Retaliation claim.  Furthermore, the exact language that Plaintiff complains was missing from the Special Verdict Form was explicitly stated in Jury Instruction No. 15 as follows:  "To state a claim for retaliation under Title VII and Section 1981, a plaintiff must establish that . . . (3) there was a causal link between the protected activity and the adverse employment decision."[7]  See Jury Instructions at 16, McAllister v. Hawaiiana Management Co. et al., Civ. No. 11-00056 ACK-KSC, Doc. No. 279 ("Ex. A" attached to this order).  Accordingly, the Court did not commit an error of law.

Plaintiff also argues in his Reply that he is entitled to judgment as a matter of law on his Retaliation claim because

---

[6] Additionally, assuming arguendo that Plaintiff was correct in his assertion that this Court failed to list the causal link element on the Special Verdict Form, this would not warrant reconsideration because Plaintiff would have benefitted from the oversight.  If the Court did not list the causal link element in the Special Verdict Form, then Plaintiff would have had one less element to prove in order to win his case.

[7] The Court notes that Plaintiff approved of both the Jury Instructions and the Special Verdict Forms used at trial.

the adverse employment action occurred shortly after Plaintiff
engaged in his protected activity.  See Plntf.'s Reply at 4.  The
Court is not convinced that Plaintiff is entitled to a ruling in
his favor.  First, Plaintiff's argument violates Local Rule 7.4
because the point should have been made in his Motion for
Reconsideration to give Defendants a fair opportunity to reply.

        Second, Plaintiff's cited cases analyze motions for
summary judgment and are therefore not applicable here.  See
Plntf.'s Reply at 4-5 (citing Thomas v. City of Beaverton, 379
F.3d 802, 812 (9th Cir. 2004) and Villiarimo v. Aloha Island Air,
Inc., 281 F.3d 1054, 1068 (9th Cir. 2002)).  The issue of whether
a plaintiff meets the standard for summary judgment by presenting
evidence creating a material fact worthy of trial is different
from whether that evidence carries enough weight and credibility
to actually win at trial.  See Anderson v. Liberty Lobby, Inc.,
477 U.S. 242, 255 (1986) (noting that the issue of whether a jury
could reasonably find for either plaintiff or defendant under the
summary judgment standard is different from actually weighing
evidence, making credibility determinations, and drawing
inferences at trial).  In this case, while Plaintiff had
sufficient evidence to create a material fact to avoid summary
judgment, the jury at trial weighed the evidence, considered its
credibility, and concluded that the evidence did not prove a
causal link.  See RCP Special Verdict Form at 7, Doc. No. 266.
Plaintiff's reiteration of his evidence does not refute this

Court's prior analysis in the January 11 RJMOL Order;

accordingly, the Court denies Plaintiff's Motion for

Reconsideration on this claim.

## C. Whether this Court Should Grant Reconsideration on Plaintiff's Disparate Treatment Claim

Plaintiff next argues that the jury erred by issuing a

verdict in favor of Defendants as to his Disparate Treatment

claim despite Plaintiff's testimony and numerous exhibits.  <u>See</u>

Plntf.'s Mtn. at 3-5, Plntf.'s Reply at 9-10.  This Court

sufficiently addressed Plaintiff's arguments in its January 11

RJMOL Order as explained in Section A above and need not repeat

the analysis here.  <u>See</u> <u>supra</u> p.12-13; January 11, RJMOL Order at

22-25.  Plaintiff's arguments in this section are merely a

disagreement with the Court's previous order, which is not a

sufficient basis for reconsideration.  <u>See</u> <u>Hawaii Stevedores,</u>

<u>Inc. v. HT & T Co.</u>, 362 F. Supp. 2d 1253, 1269 (D. Haw. 2005).

Plaintiff tries to rely on Judge Ezra's January 30,

2012 Order to show that he won the Disparate Treatment claim.

<u>See</u> Doc. No. 61 at 4, 23-25.  However, Judge Ezra's order merely

addressed whether Plaintiff's pleadings were sufficient under

FRCP 12(b)(6) to allow Plaintiff an opportunity to present his

facts at trial; the order itself did not hold that Plaintiff had

proven that disparate treatment occurred in fact.  January 30,

2012 Order at 18-19.  When Plaintiff actually presented his

evidence at trial, the jury found that the facts did not

establish that RCP gave "more favorable treatment to similarly
situated individuals outside the Plaintiff's protected class."
See RCP Special Verdict Form at 3, Doc. No. 266.  Accordingly,
the Court denies Plaintiff's Motion for Reconsideration for this
claim.

**D. Whether the Court Should Grant Reconsideration on Plaintiff's
"Continuing Violation" and "Vicarious Liability" Claims**

          Plaintiff next alleges that this Court committed an
error of law when it denied Plaintiff the opportunity to present
his "Continuing Violation" and "Vicarious Liability" claims.[8]
Plntf.'s Mtn. at 5-6, Plntf.'s Reply at 10-11.  In regards to the
continuing violation doctrine, the Court notes that the doctrine
does not apply to this case; Plaintiff's cases state that the
doctrine exists to "extend[] the statute of limitations in
employment discrimination cases," which was not an issue at
Plaintiff's trial.  See Alch. v. Superior Court, 122 Cal. Ct.
App. 4th 339, 368 (Cal. App. 2004); See generally Ex. A, RCP
Special Verdict Form, Doc. No. 266, HMC Special Verdict Form,
Doc. No. 265.  Therefore, the Court did not commit an error by

---

          [8] The Court notes that Plaintiff's confusing TAC does not
list the "Continuing Violation" and "Vicarious Liability" claims
as separate claims.  Instead, Plaintiff placed these "claims" in
parentheses after the Retaliation, Disparate Treatment, and
Hostile Work Environment claims, indicating that Plaintiff
considered the "Continuing Violation" and "Vicarious Liability"
claims as equivalent to the Retaliation, Disparate Treatment, and
Hostile Work Environment claims that were fully addressed at
trial.

omitting this doctrine at trial.

The Court also did not commit an error of law or fact regarding Plaintiff's "Vicarious Liability" claim.  The vicarious liability doctrine is not used to prove the existence of discrimination; the doctrine is used to impose liability upon an employer for torts committed by employees while acting in the scope of their employment.  Faragher v. City of Boca Raton, 524 U.S. 775, 793 (1998).  In this case, the jury actually examined and determined the liability of *employer* RCP, not just RCP employees, in the Special Verdict Form.  See generally RCP Special Verdict Form, Doc. No. 266.  The jury also considered whether HMC was a joint employer in order to determine whether to impose liability.  See HMC Special Verdict Form at 2, Doc. No. 265.  Furthermore, Jury Instruction No. 24 presented to the jury the issue of whether or not Defendants were joint *employers* for the purposes of determining liability.  Ex. A at 26, Doc. No. 279.  Accordingly, Plaintiff fails to establish that the Court committed an error regarding his "Vicarious Liability" claim.

**E.  Whether this Court Should Grant Reconsideration on Plaintiff's Hostile Work Environment/Harassment Claims**

Plaintiff next argues in his Motion for Reconsideration that he "re-asserts his evidence to this Court" in order to refute the January 11 RJMOL Order's conclusion that sufficient evidence existed to support the jury's verdict in favor of

Defendants as to Plaintiff's Hostile Work Environment/Harassment claims.  See Plntf.'s Mtn. at 6-7, Plntf.'s Reply at 12-13. Plaintiff's repetition of evidence previously presented at trial and his citations to his TAC do not provide a basis for reconsideration.  See Hawaii Stevedores, 363 F. Supp. 2d at 1269 ("Mere disagreement with a previous order is an insufficient basis for reconsideration.").

**F.  Whether the Court Should Grant Reconsideration on Plaintiff's Joint Employer Claims**

Plaintiff asserts that this Court committed an error of law by adding the following sentence to Jury Instruction No. 24's explanation of determining the employer status of HMC: "Nevertheless, the extent of the right to hire and fire and control the means and manner of the worker's performance is the most important factor."[9]  See Plntf.'s Mtn. at 7, Plntf.'s Reply at 12-13.

Plaintiff cites to parts of the Ninth Circuit's decision in E.E.O.C. v. Pac. Mar. Ass'n, 351 F.3d 1270 (9th Cir. 2003), but he ignore the following language in the case that refutes his position:  "The Supreme Court seems to suggest that the sine qua non of determining whether one is an employer is that an "employer can hire and fire employees, can assign tasks to employees and supervise their performance" . . . . Numerous

_____

[9] The Court once again notes that Plaintiff approved of the Jury Instructions used at trial.

-20-

courts have considered the key to joint employment to be the right to hire, supervise and fire employees." 351 F.3d at 1277 (citing Clackamas Gastroenterology Assoc. v. Wells, 538 U.S. 440, 450 (2003)) (internal citations omitted). The Ninth Circuit's holding demonstrates that this Court did not err by instructing the jury according to Jury Instruction No. 24. See Exhibit A at 26.

Plaintiff also alleges that the Court erred by submitting the issue of joint employer status to the jury instead of holding as a matter of law that a joint employer relationship existed. Plntf.'s Reply at 14. In this case, because the joint employer issue contained material issues of fact, the Court did not err in submitting it to the jury. See Tanforan Park Food Purveyors Council v. N.L.R.B, 656 F.2d 1358, 1360 (9th Cir. 1981) ("Whether a corporation possesses a sufficient indicia of control to qualify as a joint employer is essentially a factual issue.") (internal quotation marks omitted); Jimenez v. Servicios Agricolas Mex, Inc., 742 F. Supp. 2d 1078, 1089 (D. Ariz. 2010) (denying summary judgment because a material issue of fact existed as to joint employer status).

In any event, the issue of whether or not HMC is a joint employer with RCP is moot because the jury found that RCP was not liable to Plaintiff. See generally RCP Special Verdict Form. Because RCP was not liable, the question of the joint employer status of HMC did not arise. Accordingly,

reconsideration is not warranted for this claim.

**G.   Whether this Court Should Grant Reconsideration Regarding Plaintiff's Motions for Sanctions.**

Plaintiff provides no legal basis why this Court's orders denying Plaintiff's motions for sanctions against Defendants are somehow erroneous; Plaintiff merely disagrees with the Court's rulings.  <u>See</u> Plntf.'s Mtn. at 7, Plntf.'s Reply at 15.  Accordingly, the Court denies Plaintiff's Motion for Reconsideration regarding this argument.  <u>See</u> <u>Hawaii Stevedores</u>, 363 F. Supp. 2d at 1269.

<u>**CONCLUSION**</u>

For the foregoing reasons, the Court DENIES Plaintiff's Rule 50(b) Reconsideration Motion for RJMOL or in the Alternative a Request for a New Trial.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, March 8, 2013.

_____
Alan C. Kay
Sr. United States District Judge

_

<u>McAllister v. Hawaiiana Management Company, Ltd. et al.</u>, Civ. No. 11-00056 ACK-KSC:  Order Denying Plaintiff's Rule 50(b) Reconsideration Motion for RJMOL or in the Alternative a Request for a New Trial.

-22-